UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JIMMIE EDMONTSON,**
**JUSTIN ALEXANDER, AND**
**OTIS SMITH,**
**On behalf of themselves and all**
**others similarly situated,**

       Plaintiffs,           Case No.

**v.**

                             Hon.

**KSJC ENTERPRISES, INC., D/B/A**
**SWEET WATER TAVERN , AND**
**JEFFREY CAIN,**

       Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

<u>**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**</u>

**COMPLAINT**

Plaintiffs, Jimmie Edmontson, Justin Alexander, and Otis Smith, on behalf of themselves and all others similarly situated, through their attorneys, Gold Star Law, P.C., for their Collective Action Complaint state:

**PRELIMINARY STATEMENT**

1. Plaintiffs, Jimmie Edmontson, Justin Alexander, and Otis Smith ("Plaintiffs"), and the employees they seek to represent, are employees and former employees of Defendants KSJC Enterprises, Inc., D/B/A Sweet Water Tavern, and Jeffrey Cain, ("Defendants"), who worked as restaurant employees for Defendants. Defendants required or permitted Plaintiffs to work in excess of 40 hours per week, but failed to compensate Plaintiffs for all hours worked and/or at a rate of one and one-half times their regular rate of pay for all hours worked over 40 per week.

2. Plaintiffs and the employees they seek to represent were all compensated on an hourly basis, and were or are non-exempt employees under the Fair Labor Standards Act of 1938 29 USC § 201, *et seq.* ("FLSA").

3. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours worked and to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. 207(a).

4. Defendants did not pay proper wages and overtime to other similarly situated hourly workers. Plaintiffs bring a collective action to recover unpaid wages and overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

2

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Jimmie Edmontson ("Edmontson") is an individual residing in Detroit, Michigan. Edmontson's written consent form to this action is attached hereto as Exhibit "1". During the relevant period, Edmontson was an employee of Defendants.

6. Plaintiff Justin Alexander ("Alexander") is an individual residing in Detroit, Michigan. Alexander's written consent form to this action is attached hereto as Exhibit "2". During the relevant period, Alexander was an employee of Defendants.

7. Plaintiff Otis Smith ("Smith"), also referred to by Defendants as "Odie Smith", is an individual residing in Detroit, Michigan. Smith's written consent form to this action is attached hereto as Exhibit "3". During the relevant period, Smith was an employee of Defendants.

8. Defendant KSJC Enterprises, Inc. ("KSJC") is an Michigan corporation which is engaged in the food service business and operates establishments under the name Sweet Water Tavern.

9. Defendant Sweet Water Tavern, ("Sweet Water") is a Michigan place of business which is engaged in the food service business.

10. Defendant Jeffrey Cain is the President, Owner, Manager, Operator and Resident Agent of Defendants.

11. Defendant corporations are collectively an enterprise engaged in interstate commerce as defined by the FLSA and have revenues in excess of $500,000 per year.

12. This action arises under 29 U.S.C. 207, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

13. Defendants resides within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## COVERAGE

14. At all material times, Defendants have been "employers" within the meaning of section 3(d) of the FLSA. 29 U.S.C. 203(d).

15. At all material times, Plaintiffs and Class Members were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C 203(e).

16. Defendants controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

17. Defendants are in the restaurant and food service business.

18. Plaintiffs were employed by Defendants during the three years preceding the date of filing of this Complaint (the "relevant employment period").

19. Plaintiffs worked in restaurants owned and operated by Defendants and were paid on an hourly basis.

4

20.	Plaintiffs are not exempt from the wage and overtime pay requirements of the FLSA.

21.	Plaintiffs regularly worked over 40 hours per week during the relevant employment period.

22.	Defendants failed to pay Plaintiffs for all hours worked and/or one and one half times their regular rates of pay for all hours worked over 40 in a week.

23.	Defendants paid Plaintiffs and class members at just their straight time rate for all hours paid whether worked under or over 40 hours in a week.

24.	Edmontson began working for Defendants approximately 2013, and he resigned his employment with Defendants on July 23, 2017.

25.	Edmontson worked an average of 64 hours per week during his employment with Defendants.

26.	Alexander began working for Defendants on or about April 15, 2015, and was terminated from his employment on or about January 30, 2017.

27.	Alexander worked an average of 54 hours per week during his employment with Defendants.

28.	Smith began working for Defendants in or about 1995, and his employment was terminated on or about March 8, 2017.	.

29.	Smith worked an average of 55 hours per week during the relevant period of his employment with Defendants.

5

30. At the beginning of his employment, Edmontson was paid straight time in cash for all hours worked for Defendants, which cash was placed in an envelope with the hours worked written on the outside of the envelope and then given to Edmontson.

31. At some point into his employment, Defendant began paying Edmontson cash for all but 21 hours worked in a week at Edmontson's then regular rate of pay, which cash was placed in an envelope with all hours worked in a week written on the envelope.

32. Pay for the above referenced 21 hours of work was paid to Edmontson in a payroll check every two weeks, which checks reflected 42 hours of work at Edmontson's then regular rate of pay.

33. At some point after February, 2014, Edmontson was still being paid as above in both cash and payroll check, but the Defendants stopped writing the number of hours worked on the envelopes, but continued to pay cash in the envelopes for all hours worked in a week less 21 hours.

34. At the beginning of his employment, Alexander was paid straight time in cash for all hours worked for Defendants, which cash was placed in an envelope with the hours worked written on the outside of the envelope and then given to Alexander.

35. At some point into his employment, Defendant began paying Alexander cash for all but 16 hours worked in a week at Alexander's then regular rate of pay, which cash was placed in an envelope with all hours worked in a week written on the envelope.

36. Pay for the above referenced 16 hours of work was paid to Alexander in a payroll check every two weeks, which checks reflected 32 hours of work at Alexander's then regular rate of pay.

37. At some point into his employment, Alexander was still being paid as above in both cash and payroll check, but the Defendants stopped writing the number of hours worked on the envelopes, but continued to pay cash in the envelopes for all hours worked in a week less 16 hours.

38. Smith was paid for just 36 hours of the time he worked for Defendants in bi-weekly paychecks, equating to pay for just 18 hours of work per week.

39. During the last year of his employment, Smith also received $40 per week in cash from the Defendants.

40. During the relevant period, Smith worked an average of 37 hours per week for Defendants for which he was not paid at all.

41. Pay for 18 hours per week of work was paid to Smith in a payroll check every two weeks, which checks reflected 36 hours of work at Smith's then regular rate of pay.

7

42. Edmontson is owed at least $35,816.00 in unpaid overtime premiums for hours worked during the relevant period.

43. Alexander is owed at least $5,670.00 in unpaid overtime premiums for hours worked during the relevant period.

44. Smith is owed at least $47,229.00 in unpaid wages and overtime premiums for hours worked during the relevant period.

45. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs have actual knowledge that Class Members have also not been properly compensated for all hours worked and have been denied overtime pay for hours worked over 40 hours per workweek. That is, Plaintiffs worked with other employees of Defendants who were not paid one and one half times their regular rates of pay for all hours worked over 40 in a week.

47. Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid for all hours worked and at the rate of one and one-half times their regular rate when those hours exceeded 40 hours per workweek.

48. Although Defendants permitted or required Class Members to work certain hours and in excess of 40 hours per workweek, Defendants have denied them full

8

compensation for their hours worked and proper overtime compensation for hours worked over 40 in a week.

49. Class Members perform or have performed the same or similar work as Plaintiffs.

50. Class Members regularly work or have hours in excess of 40 hours during a workweek.

51. Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

52. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of wages and overtime wage.

53. Defendant's failure to properly pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

54. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

55. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

56. All Class Members, irrespective of their particular job requirements, are entitled to be paid wages for all hours worked and overtime compensation for hours worked in excess of 40 during a workweek.

57. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **All persons currently and formerly employed by Defendants and compensated on an hourly, non-salary basis by Defendants who worked for at least one week in excess of 40 hours but were not properly paid overtime for hours worked over 40 in a week during the period from three years prior to the filing of this complaint to the present.**

## CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. 207

58. Plaintiffs and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

59. Defendants' practice of failing to pay Plaintiffs and Class Members for all hours worked and/or at the time-and-a-half rate for hours in excess of 40 per workweek violates the FLSA. 29 U.S.C. 207.

60. None of the exemptions provided by the FLSA regulating the duty of employers to pay proper wages and overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and Class Members.

61. Plaintiffs and Class Members are entitled to recover their unpaid wages and overtime compensation.

62. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid wages and overtime compensation as liquidated damages. 29 U.S.C. § 216(b).

63. Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

a. Unpaid wages and overtime compensation for all hours worked during the relevant period at the applicable rate;

b. An amount equal to the unpaid wages and overtime compensation as liquidated damages;

c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendants to correct its pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

                                          Respectfully submitted,

                                          **GOLD STAR LAW, P.C.**

                                          */s/ Maia E. Johnson*
                                        **MAIA E. JOHNSON (P40533)**
                                        **DAVID A. HARDESTY (P38609)**
                                        Attorneys for Plaintiffs
                                        2701 Troy Center Dr., Ste. 400
                                        Troy, MI 48084
                                        (248) 275-5200

Dated: August 24, 2017

# EXHIBIT 1

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE KSJC ENTERPRISES D/B/A SWEET WATER TAVERN LAWSUIT

First Name: Jimmie

Last Name: Edmonson

1. I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer or former employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Jimmie Edmonson_  (Date) _8/18/17_

# EXHIBIT 2

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE KSJC ENTERPRISES D/B/A SWEET WATER TAVERN LAWSUIT

First Name: Justin

Last Name: Alexander

1. I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer or former employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) Justin Alexander (Date) 07-18-17

# EXHIBIT 3

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE KSJC ENTERPRISES D/B/A SWEET WATER TAVERN LAWSUIT

First Name: *Otis Smith*

Last Name: *Smith*

1. I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer or former employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) *Otis Smith*  (Date) 8-22-17