UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE EDMONTSON, JUSTIN
ALEXANDER, and OTIS SMITH,
on behalf of themselves and all others
similarly situated,

Case No: 2:17-cv-12789
Hon: Robert H. Cleland

    Plaintiffs,

v.

KSJC ENTERPRISES, INC., D/B/A
SWEET WATER TAVERN, and
JEFFREY CAIN,

    Defendants.

# JOINT MOTION FOR APPROVAL OF SETTLEMENT AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ................................................................................. iii

**MOTION** ................................................................................................................ 1

**BRIEF** .................................................................................................................... 1

**I.  INTRODUCTION** ........................................................................................ 1

**II. FACTUAL BACKGROUND** ...................................................................... 3

**III. SETTLEMENT AMOUNT AND DISTRIBUTION** .................................. 5

**IV. COSTS AND ATTORNEY FEES** .............................................................. 6

**V.  THE PROPOSED SETTLEMENT IS REASONABLE** ............................. 6

**VI. CONCLUSION** ............................................................................................ 9

# INDEX OF AUTHORITIES

**Cases**

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ....6
Oakes v. J.F. Bernard, Inc., 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012)....2
*Toliver v. JBS Plainwell, Inc.,* 2016 WL 165031, at *12 (W.D. Mich. Jan. 14, 2016) ........................................................................................................................2
*Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) ...................7

**Statutes**

*29 U.S.C. 201 et seq*..................................................................................................1
29 U.S.C. 254 ............................................................................................................4

**Rules**

Fed. R. Civ. P. 26......................................................................................................2
Fed. R. Civ. P. 36(a)(3).............................................................................................2
Fed. R. Civ. P. 41(b) .................................................................................................2

## MOTION

The parties, through their undersigned counsel, move this Court for approval of the settlement reached between Plaintiffs and Defendants, as set forth in the Settlement Agreement attached hereto as Exhibit A.

## BRIEF

### I. INTRODUCTION

This is an action brought by three individual Plaintiffs under the Fair Labor Standards Act, *29 U.S.C. 201 et seq.* ("FLSA") for recovery of unpaid overtime compensation. The Court conditionally certified the case as a collective action [Dkt 19], and five individuals filed consents to join the case as "opt-in" Plaintiffs in response to a notice approved by the Court [Dkt 20].

After the five opt-in Plaintiffs were joined to this case, it was determined that their respective claims lacked merit and they otherwise had no damages recoverable in this action: (a) Scott Burse was not a KSJC employee eligible to join the class, (b) Arthur Johnson did not work any overtime within the maximum three-year statutory limitation period, (c) Stacy Johnson's consent filing occurred after the opt-in period established by the Court had closed, and (d) Stacy Johnson, Thous Smith and Jakarie Dorsey had been paid in full for all overtime worked, if any, within the maximum three-year limitation period. By the close of discovery, the five opt-in Plaintiffs had abandoned their claims, did not provide the

disclosures required by Fed. R. Civ. P. 26 (a)(1)(d) and 26(e), did not provide or participate in discovery and ceased communicating with their counsel.[1] For these reasons, this Motion will focus on settlement of the claims asserted by the named Plaintiffs, and seeks decertification of the class and dismissal of the five opt-in Plaintiffs.[2]

The parties have reached agreement to resolve the matter for the total amount of $28,000.00, inclusive of costs and attorney fees, and now seek approval of the settlement.

---

[1] On these bases, at the time of the settlement, Defendants were in the process of preparing a motion to decertify the class and dismiss the five opt-in Plaintiffs.

[2] An opt-in plaintiff's failure to provide or participate in discovery is grounds for dismissal. See, e.g., *Toliver v. JBS Plainwell, Inc.*, 2016 WL 165031, at *12 (W.D. Mich. Jan. 14, 2016); *Oakes v. J.F. Bernard, Inc.*, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012) (dismissing opt-in plaintiff pursuant to Fed. R. Civ. P. 41(b) with prejudice for failure to provide discovery and failing to maintain contact with his attorney so that he could stay informed regarding his case). The lack of merit in the opt-in Plaintiffs' claims was also conclusively established by Fed. R. Civ. P. 36(a)(3) after the opt-in Plaintiffs failed to respond to requests for admissions despite Defendants granting a courtesy extension to serve those responses.

{00279868;v1} 2

## II. FACTUAL BACKGROUND

The three named Plaintiffs in this case are former kitchen employees of the Sweetwater Tavern, a restaurant located in downtown Detroit, Michigan that is owned by Defendant KSJC Enterprises, Inc. ("KSJC"). Defendant Jeffrey Cain is the sole shareholder and President of KSJC. The lead Plaintiff, Jimmie Edmontson ("Edmontson"), was a kitchen manager responsible for hiring, firing, scheduling and verifying the timecards of the cooks he supervised including Plaintiff, Justin Alexander ("Alexander").[3] Plaintiff Otis Smith was a line cook who was terminated prior to this litigation for assaulting a co-worker with a fry basket.[4]

The gravamen of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") is that they were not compensated for overtime pay while they were employed by KSJC, and that KSJC allegedly had a policy of refusing to pay overtime at a rate of one and one-half times the hourly rate of the affected non-exempt employees. Plaintiff Smith separately asserted a pendent state law wage claim that he was not paid in full for hours worked up to 40 per week; these so-called "straight time" hours are not covered by the FLSA (or its discretionary liquidated damages provisions), which is limited to minimum wage and overtime.

---

[3] Edmonston hired and fired Alexander, a part-time cook, on multiple occasions – firing him most recently in early 2017.

[4] Smith largely failed to participate in this litigation until just prior to the settlement, when he produced records reflecting that the combined value of his FLSA and state law claims were far less substantial than what was originally thought. The proposed allocation takes this into account.

Neither KSJC nor the Plaintiffs have complete and accurate records of the hours worked by the Plaintiffs, so settlement has been based on Plaintiffs' own proposed testimony, the proposed testimony of defense witnesses, the records available to the parties and information gathered in the course of discovery. For purposes of this settlement only, and not as an admission, KSJC is not disputing the accuracy of Plaintiffs' documented accounts of their hours worked.

Should the matter proceed to trial, KSJC would dispute Plaintiffs' hours estimates and any claims that its payroll practices actually or willfully failed to comply with the FLSA. In particular, KSJC denies that any amounts are due to the Plaintiffs and further contends that (a) Plaintiff Edmontson and Plaintiff Smith were paid in full for all hours worked (including overtime hours at a rate of one and one-half times their respective hourly rates) by a combination of payroll checks and regular cash payments, (b) Plaintiff Alexander, who was paid in full in this same manner, was a part-time employee who did not work overtime during his multiple periods of employment over the three years preceding the filing of this action, (c) many of the Plaintiffs' claimed hours – even assuming their estimates are otherwise correct – are not compensable under the FLSA because they include break time and other preliminary or postliminary tasks excluded from working hours under the Portal-to-Portal Act, 29 U.S.C. 254, and (d) one or more of the Plaintiffs are claiming entitlement to compensation for hours not worked, including

periods where Plaintiffs were not scheduled, on vacation, were not employed, or had an absence from work.

### III. SETTLEMENT AMOUNT AND DISTRIBUTION

The parties have agreed to settlement in the total amount of $28,000. The net settlement (after deduction of attorney fees and costs) will be distributed to the three Plaintiffs who claimed overtime hours within the three-year limitation period according to amounts they have agreed upon among themselves, and which is based upon their respective proofs. The breakdown of the proposed settlement distribution is as follows:

| | |
|---|---|
| Total Settlement: | $28,000.00 |
| Costs: | $885.00 |
| Attorney Fees: | $11,200.00 |
| Net Settlement Proceeds: | $15,915.00 |
| Jimmie Edmontson: | $9,815.00 |
| Justin Alexander: | $3,000.00 |
| Otis Smith: | $3,100.00 |

As stated above, the opt-in Plaintiffs will not share in the settlement proceeds because discovery in the action established that Scott Burse was not employed by KSJC and regardless, none of the opt-in-Plaintiffs were willing or able to demonstrate that they had worked any uncompensated overtime hours during the maximum three-year limitations period, and therefore sustained no damages. For purposes of settlement, based upon the discussion herein, Plaintiffs Edmonston, Alexander and Smith acknowledge that the distributions proposed

above fully compensate them for all of their claims asserted in this proceeding, and make them whole.

## IV. COSTS AND ATTORNEY FEES

Counsel for Plaintiffs has incurred $885.00 in recoverable costs to date. Based on recorded time expended and rates which have been approved by several judges of this Court, attorney fees in excess of $18,000.00 have been incurred, which does not include all meetings and phone calls associated with this litigation or preparation of this motion.[5] The retainer agreement executed by the named Plaintiffs calls for reimbursement of advanced costs and an attorney fee of 40% of the net recovery in the event that resolution takes after the close of Discovery. The proposed settlement calls for reimbursement of the total amount of costs. The attorney fee amount in the settlement is 40% of the recovery, or $11,200.00, which is less than the amount of attorney fees actually incurred.

## V. THE PROPOSED SETTLEMENT IS REASONABLE

Determination of a motion to approve a settlement of a collective action turns on whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Factors to consider include:

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated

---

[5] A copy of the pertinent billing records is attached as Exhibit B.

> burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

The highest total amount of actual damages which Plaintiffs could have recovered, based on their testimony and available records, would have been approximately $20,000.00. That figure is based on no reduction for break time or other hours potentially non-compensable under the Portal-to-Portal Act or applicable FLSA regulations.

This figure is also based on application of a three-year statute of limitations. There remained an issue at the time of settlement, however, whether KSJC's violation of the FLSA, if any, was intentional. If Plaintiffs failed to prevail on that issue, the applicable statute of limitations would have been two years, and their actual recoverable damages would have been reduced considerably.

The maximum amount of liquidated damages which might have been recovered would have been approximately $20,000.00, bringing the total *possible* damages recovery to $40,000.00. There remains an issue, however, whether KSJC acted reasonably and in good faith in determining that Plaintiffs were not entitled to overtime compensation under the FLSA. If KSJC were able to establish that its violation was reasonable and in good faith, and further, if a shorter limitation

period was determined to apply, this Court could reduce the amount of liquidated damages or decline to award liquidated damages at all.

The settlement amount is a satisfactory percentage to Plaintiffs of the maximum amount which they could recover as damages at trial, assuming that they prevailed on every issue presented. The proposed settlement would completely eliminate the burden on the parties of establishing their claims or defenses at trial.

While the parties each feel confident regarding their respective positions, there remains the possibility that their actual damages could be reduced by non-compensable hours or slashed substantially by imposition of the shorter statute of limitations. Plaintiffs also face a substantial risk of reduction or denial of liquidated damages and/or attorney fees.

KSJC faces a maximum risk of a judgment for $40,000.00, together with not only accrued attorney fees incurred by Plaintiffs (on an hourly basis) but also fees incurred for trial preparation and the trial itself, which would likely be more than the amount accrued to date.

The settlement has been the result of several telephonic and in-person settlement negotiations between counsel, and clearly is an arms-length agreement. There is no suggestion of any fraud or collusion regarding the settlement, which has been expressly approved by the named Plaintiffs.

All of the relevant factors argue in favor of approval of the settlement.

## VI. CONCLUSION

For the reasons set forth above, the parties request that the Court approve the settlement reached among the parties.

Respectfully submitted,

| **GOLD STAR LAW, P.C.** | **BERRY MOORMAN, P.C.** |
|---|---|
| /s/ *Maia Johnson Braun* | /s/ *Randolph T. Barker* |
| **David A. Hardesty (P38609)** | **Randolph T. Barker (P 62604)** |
| **Maia Johnson Braun (P40533)** | Attorney for Defendants |
| Attorneys for Plaintiff | 535 Griswold, Suite 1900 |
| 2701 Troy Center Dr., Ste. 400 | Detroit, Michigan 48226 |
| Troy, Michigan 48084 | (313) 496-1200 |
| (248) 275-5200 | *rbarker@berrymoorman.com* |
| *dhardesty@goldstarlaw.com* | |
| *mjohnson@goldstarlaw.com* | |

Dated: February 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically.